The clerk has advised me that counsel are present and ready in all cases, so I'm going to dispense with the reading of the calendar to save us a little time. The first case on the calendar is Siddiqui v. Athene Holding. Is that Siddiqui?  May I commence? May it please the Court, my name is Sean O'Brien, I represent the appellant Imran Siddiqui. We are seeking the reversal of a ruling in which the district court dismissed on a motion to dismiss the complaint filed by Mr. Siddiqui, and it ultimately resolves the case to one issue. Has Mr. Siddiqui alleged sufficient facts establishing that the lawsuit that Athene filed against him in Bermuda relates to the provision of what are called statutory services? I don't think that's the question. And why is that, Your Honor? Well, I mean, that's a question, but even if the answer to that question were yes, as you argue, what you then have is two applicable conflicting forum selection clauses, and then the Court would need to decide which one is more deeply engaged, which one should prevail over the other when they're applied to their facts. So I don't think the answer to that question answers the case. Your Honor, with respect, I do, and this is why. This Court's precedents, in particular the Roby case in Phillips, make clear that a litigant may not strategically plead a case or a cause of action in order to get out of a forum selection clause, and the Court was very clear in Roby saying that yes, it defies reason to suggest that a plaintiff may circumvent a forum selection clause merely by stating claims under laws not required by the forum selection agreement. A plaintiff would simply have to allege a violation of his country's statutory law to render nugatory a forum selection clause. That's what Athene is trying to do by saying, and, Your Honor, very important, when they filed their case in Bermuda, they didn't refer to Bermuda law. They referred to facts. They included a contractual claim, and it was only later in the case that they amended to add the reference to Bermuda law. But this Court's precedents say they cannot do that, and absent that reference to Bermuda law in the bylaws, that's the only reason. But doesn't the Bermuda suit involve your client in his capacity as a director? Do you dispute that? We do dispute that, Your Honor. The allegations are that he obtained this information. As we allege, and it is true, he obtained the information during the course of his work as an Apollo representative. Your Honor, and this is very important. And as a director of Athene. Not as a director of Athene, Your Honor. This is very important. He was a director, but he didn't get Athene information in that capacity, and this is why. I'm not sure. Can I just ask? Sure. I'm not sure at the start why that makes a big difference. Even assuming that he got the information in his capacity as an employee, the misuse of it breached duties he owed as a director, or that's the allegation. The allegation is that the misuse of the information breached his duties. And some of those duties. But duties as what? They now allege as a director. Right. But this Court's precedent in Roby says they can't simply formulate their pleading to say I'm only going under Bermuda law. Phillips and Roby say, look at the substance of the claim, and, Your Honor, importantly, he won't be back. Won't they have to prove that the breach pertained to a duty as a director? I mean, once they plead that, that's what they have to prove then. They would have to prove that if they could pursue in Bermuda, Your Honor. But the whole point of this agreement, Your Honor, is that Apollo and Athene have this strategic relationship. Apollo gives a lot of advice to Athene on an ongoing basis. Mr. Siddiqui is one of the people who did that. And they said, we're going to give you these services, but in exchange, and you're not going to pay us, but what you're going to do is you're going to agree if you sue us in connection with these services or anything relating to these services, you do it under our law, you do it in our courts, and you give us limitations of liability. This is exactly what the agreement was meant to do. And, Your Honor, getting to your point, if I could, the allegation of the misuse is not in his capacity as a director. It supposedly happened in 2018, well over a year after he stopped being a director. So the allegation at its bottom is Mr. Siddiqui obtained confidential information. We allege, and it is true, and their pleading alleges, he obtained that principally at a meeting where he was providing services. Can't be disputed. It is true. Because Athene can only hold board meetings offshore, and that's why this is a special case in this regard. There is no allegation at any board meeting, offshore board meeting, any information was imparted about Athene. And the reason they can't allege that is because it never happened. So as a factual matter, all of the information was imparted to him when he was providing services. That means the case relates to services. And to let them sue him in Bermuda and then turn around and say, well, geez, look at what the Bermuda court said, because we modified our pleading after the fact to refer to a statutory rule, that's exactly what this Court has said over and over. They can't do. We have a motion to dismiss. The pleading itself refers to services. Mr. Siddiqui alleged that he was providing services. And it's true that he was providing services. So with respect, there is no question that the case as pleaded and pursued in Bermuda relates to services and is governed by the Forum Selection Clause. And I'll add to this. We even allege these facts, which the district court did not address. Apollo had gone to a New York court with some evidence and said, this is evidence that Mr. Siddiqui is breaching duties to us, that is, providing services. Athene took those documents and put them in front of the Bermuda court and said, look, this supports our case. They are literally relying directly on evidence of services. And then, this point as well, and the district court misapprehended this point. Apollo sued Mr. Siddiqui in New York and in arbitration. They alleged in that case he was providing services, acting in a capacity as an Apollo person. On the same day, Athene filed its case, and it now admits it's pursuing a case based on those same facts in Bermuda. Well, our point was simply, that's some very powerful corroboration that, in fact, this case is premised upon the provision of services. The district court said, oh, there's no inconsistency between that, and we never said there was. Of course Athene can sue Mr. Siddiqui. They just have to do it where they agreed. Sotomayor, how does your argument deal with the provision of the ASA that says that employees in their capacity as directors shall not be part of the services covered by the ASA? Because in this case, they're suing him based on services. It just doesn't apply. But services provided in a capacity as a director are not part of the services covered by the ASA. Correct. But he's being sued premised upon services, not directorship activities. It's very simple. There's directorship activities, which he was not doing here. He only does offshore, pursuant to Athene's laws, policies, and rules. And this is, I think, a factual matter. We need to be clear. On a day-to-day basis, a massive amount of Mr. Siddiqui's work was advising Athene, but in his capacity as an Apollo employee, providing services. That's, in fact, almost everything he did. And there is no evidence that when he was a board member, in his board capacity at an offshore board meeting or in any board materials, he did any advising about Athene. And thus, the facts are that he was providing services. If the claim was, Your Honor, to get to your point, there was a board meeting offshore, Mr. Siddiqui voted about something based, and he didn't disclose some information that he had obtained at that board meeting, maybe, maybe they can say that's only a Bermuda case. That is absolutely not what's happened here. It's absolutely not what we've alleged. And so, with respect, Your Honor, I do think it all resolves to have we established that he was providing services? We have. I don't think the district court gave a sufficient weight to the allegations, Your Honor. Roberts. Well, I can tell you, as I said at the start, that the question whether he was providing services, there are arguments that can be made one way or the other. It's not absolutely clear. But in my view, it just doesn't matter because it doesn't, I mean, it's not that it doesn't matter, it's that it's not dispositive. Because even if one concludes that this all could come under and is something that would be directed to the New York courts under the agreement, the advisory agreement, it also comes under the Bermuda law. Your Honor, may I quickly respond? But only because they – Wait. Will you wait for a second? Oh, certainly. And the problem for the Court, when you have two conflicting forum selection clauses, both of which could be found to be applicable, is to weigh, to compare them in their relationship to the facts and to see which one is more solidly entrenched, which one has more skin in the game or whatever metaphor you use, to find a basis to determine which should prevail over the other. Your Honor, may I respond? Yes, go ahead. Two things. First, the only reason they can even make the argument that the Bermuda bylaws apply is because of their artful pleading and their adding the claim which Roby and I have heard, and they can't do. Secondly, they cite one case which involved two arguably applicable forum selection clauses. That's a case, of course, in which the Court said the facts were not in dispute. And this Court has later interpreted that case to mean it only applies when the facts are not in dispute. So there's certainly no way you could apply that rule on a motion to dismiss to dismiss this claim. Thank you, Your Honor. May it please the Court. My name is Philippe Adler from Friedman, Kaplan, Seiler, and Edelman, LLP. We represent Defendant Apelli Athene-Holding. There are two independent bases on which this Court should affirm Judge Codol's dismissal with prejudice of Mr. Siddiqi's amended complaint. First, the contract containing a New York forum selection clause on which Mr. Siddiqi relies, known as the advisory services agreement, governs services that Athene's shareholder and advisor, Apollo, provides to Athene, as well as the compensation for such services. The forum selection clause only reaches disputes about these services, but this is not a lawsuit about services. The ASA states that services exclude any work by Apollo employees as Athene directors. Mr. Siddiqi was an Apollo employee who was an Athene director, and Mr. Siddiqi asked the district court to enjoin a Bermuda lawsuit in which it is alleged that he breached his duties as an Athene director. So Bermuda lawsuit is beyond the scope of the ASA and its forum selection clause as the district court correctly found. Mr. Siddiqi cannot invent a claim against himself that Athene did not plead in order to come within the ambit of the ASA. Second, bylaw 84 says, and I'm quoting, in the event that any dispute arises concerning the Bermuda Companies Act, including any question regarding whether there has been a breach of the act by an officer or director of Athene, any such dispute shall be subject to the exclusive jurisdiction of the Supreme Court of Congress. The cooperative pleading in the Bermuda suit expressly asserts a claim for violation of the Bermuda Companies Act, specifically section 97 of that act. The Bermuda courts reviewed the Bermuda pleading and held that the entire claim asserted by Athene against Mr. Siddiqi fits within the scope of section 97 of the act. So Mr. Siddiqi is contractually bound by bylaw 84 to defend himself in Bermuda against this claim. That is what the Bermuda courts held, including the trial court, as well as the court of appeals ruling on a unanimous basis. Can I ask you, just turning to your first argument, based on the ASA itself, the contract, he's, your adversary is relying on the language in that contract that says if it relates to services, it falls within the forum selection clause. And how do you deal with that language? Your Honor, I think we have cited case law, including the, including the Charter Oak decision from this Court, which says that the related to language is broad, but not unbounded. It seems to us, Your Honor, that when you have a contract that explicitly carves out of services precisely what it is that this gentleman is being sued for, which is breaching his duties as an Athene director, and you have an entire agreements provision in that contract, as we do in section 9, which says that the subject matter of the contract is the services and the compensation, therefore, and you have a forum selection clause which says relating to the subject matter of this agreement is very hard to come to any conclusion other than the forum selection clause only goes to services. And when you have a claim that is not related to services, you have a claim for breach of duties as a director, which are expressly carved out of services, it's hard to see how that works. And I would— Related to is a pretty broad term. So are you prepared to accept the proposition that your adversary put to us, that if we Your Honor, if this was related to the subject matter of the ASA, then it would be within the scope of the ASA, but it is not. Yes, that's not what I'm asking you. I'm asking you, I'm asking you, supposing that this Court disagrees with you as to whether it's related to services in view of the breadth of the term related to, does that mean, according to you, as argued by your adversary, that your clause is vanquished by the ASA clause and you lose? No. That's because, Your Honor, we believe that, as Your Honor stated, if there are forum selection clauses that point in opposite directions as a matter of law, this Court should determine which one comes closer. And in this case, you have a dispute over whether there is a breach of fiduciary duties or not. That falls squarely within the scope of the by-laws, which are concerned. Furthermore, the New York Forum Selection Clause was put in by Apollo primarily for Apollo's protection. It is argued to be that Siddiqui is a third-party beneficiary, and maybe he is. Maybe he is in some sense a third-party beneficiary. But the real concern for putting in the New York Clause in the Apollo contract is to protect Apollo. And Apollo is not here telling us that the New York Forum Selection Clause should be enforced. Apollo has no interest in this at this time, if I understand correctly. That's right, Your Honor. And I would follow up on that by pointing out that the by-laws have been deemed to be a contractual relationship between Mr. Siddiqui and Athene. Mr. Siddiqui is a party to the by-laws. So that's a considerably closer connection by Mr. Siddiqui to the by-laws than he has to the ASA, to which, as Your Honor notes, he's no more than a third-party beneficiary. Siddiqui's arguable, Siddiqui's asserted misuse of the information that he got from Athene cannot be laid at Apollo's door. Apollo cannot be held liable for his violation, if it was a violation, of his obligations, his fiduciary obligations to Athene. That's correct, Your Honor. And that is what is so remarkable about the assertion made by Mr. Siddiqui, that he comes within the ambit of the ASA because he was providing services to — he was providing services in his capacity as an Apollo employee. The notion that when he took information from Athene, he was acting in the capacity as an Apollo employee is sort of mind-boggling. He was not acting in an Athene capacity when he took that information. He was not acting in an Apollo capacity. He was betraying them. He was placed by Apollo on Athene, right? On the board of directors. He was an Apollo nominee. Yes. I don't understand why you say he was not acting for Apollo when he received the information, when I don't — we don't know at what point he decided that he was going to go out on his own, assuming that any of this happened, and tried to acquire the target. But at the time that he was placed on the board, he was there as Apollo's representative, and he was acting for Apollo. At that time — Your Honor — — he was not — but the accusation is that he later, when he ceased to be a member of the board and went after the target, at that point he was violating fiduciary obligations that remained on him because he had acquired this information as a board member of — of Athene. That's right, Your Honor. My point is that the allegation in Bermuda is twofold, that he took and that he misused. And the notion that he took, which he says, well, I took it in my capacity as an Apollo director, does not, if you think — I took it in my capacity as an Apollo employee, does not really follow. He didn't take information from Athene to go out and help Apollo or to help Athene. He did it to help himself. That's what he's accused of doing. He's accused of betraying us by taking this information, not of — I mean, your case — your case, assuming — your case is solid whether what you just said now is true or not. That's correct, Your Honor. He — that just is inessential. I don't see any reason to assume that when he was serving Apollo on the board of Athene, that when he received that information, he was already deciding, I'm going to steal this for myself. The — he was in violation of his duties to Athene, assuming that was not true. If he was — if that was not true, if he at that time was acting for Apollo and for Athene, but after he leaves, he then says, I'm going to take this information that I got appropriately as Apollo's representative, and now I'm going to go after this for myself, that's a violation of the duties to you. I agree, Your Honor. And I would — let me just add one more point as my time is running out. There's a theme throughout about strategic pleading. I want to be clear. Athene is a Bermuda company. Mr. Siddiqui was a director of Athene. Athene believed that Mr. Siddiqui breached his duties as a director, so Athene sued him for breaching those duties as a director in Bermuda. There's nothing strategic or tactical about that. It's the logical thing to do. Athene has no basis to sue Mr. Siddiqui for breaching whatever duties he owes to Apollo as an employee of Apollo. Athene didn't and couldn't bring that suit. And I would also respond just to the point that when misuse occurred, he was no longer at Athene. Obviously, when the misuse occurred, if he's not at Athene, he's also not at Apollo. So the notion that he misused things, you know, in an Apollo capacity, he's gone from Apollo. Thank you, Your Honor. Athene's counsel suggested we invented a claim against ourselves based on services. But, as we've noted over and over, in Athene's pleading in Bermuda, paragraph 16, an extensive, clear description of a meeting that took place in February of 2016, not a board meeting, not a board meeting as a matter of law. It's A576. And they make a reference to the affiliated shareholder, that's Apollo, including Mr. Siddiqui. So we have not invented a claim against us based on services. We're just reading Athene's pleading. That's the factual pleading, their allegation of the duty that was breached. Their allegation that they later included, Your Honor, correct, is under Bermuda law. And Roby and Phillips, this Court's precedents, tell us you don't look at that. We look at the substance of the claim. Roby makes clear it's actually deemed improper for them to try to get under Bermuda law. So when you look at the substance of this claim, it's based on and relates to services, Your Honor. There's no good answer, no way to say a case doesn't relate to services when you make factual. And they, if you look beforehand, there are these other general allegations about how we obtained confidential information. And as Mr. Siddiqui alleged, because it is true, he got all that information in his capacity as an Apollo person. And, Your Honor, with respect to the, even if, and I respectfully don't believe that the Bermuda Forum Selection Clause could be deemed to apply here, because of the Forum Selection Clause, the entire purpose of this agreement, Your Honor, Apollo said, we have some directors on Athene's board. We also have a lot of employees doing a lot of work for Athene. If they're going to sue us for all this work we're doing for them for free, they're going to do it in New York, they're going to do it under New York law, and there are limitations of liability and a lot of protections. And there are non-Athene, sorry, non-Apollo directors who would be subject to the But if Athene sues us based upon all these services we provide, they need to do it in New York and we get indemnities and protections. Roberts. Why are you hanging, what you attempt to persuade us of by saying he got the information as an Apollo employee for Apollo's purposes. So what? So assuming that's true, I think that very well might be true. But what difference does it make? The question is, if he had gotten, if he, if he at the time that he got the information was secretly scheming, say, oh, ho, I'm getting this information now as an Apollo employee, but I'm really going to quit them both and I'm going to, I'm going to go out afterwards and I'm going to go after the target myself. But then for whatever reason, he changed his mind and he left the companies instead became a movie star in Hollywood and forgot all about that. They'd be nothing. There would be nothing here. The fact that he had evil intentions when he acquired the information would be meaningless because he would not have, have actually violated a duty. What matters, you're not claiming, and I don't think you can claim, that when he went out and sought the target for his own benefit, that he was acting for, for Apollo at that point. Nor for Athene, correct, Your Honor. Right. Not for Apollo or for Athene. So. Because the, because the contract says. Whether he, whether he was acting for Apollo at the time that he acquired the information as a director of Athene doesn't mean anything. That's not when he committed the tort, the wrongful act. But the forum selection clause says, if a claim or an action relates to services, it must be brought in New York. I agree with you. And if you allege someone did obtain the information providing services, our argument is it relates to services. And I will note. I will note, Your Honor, one other thing. They do allege in their Bermuda pleading that at the time he was at Athene and Apollo, that is before he resigned, he intended to use the information he was taking. So there's actually an allegation in the pleading that during the time he was providing these services, that's part of the tort. And in fact, Your Honor, just to get on that, under Bermuda law, they're going to say that shows we have a claim. So going to your point, they actually will try to prove and have allege that when he was an Apollo person, he created, he had a corrupt intent to take it and compete. So that also even puts it more squarely into the agreement. Thank you, Your Honor. Thank you both. And we will take the matter under advisement.